**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GYU SEON OH; et al., | No. 09-74006 |
| Petitioners, | Agency Nos. A098-666-025 |
| | A098-666-026 |
| v. | A098-666-027 |
| | A098-666-028 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012**

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Gyu Seon Oh, Eun Jeong Oh Kim and their children, natives and citizens of

South Korea, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

their request for a continuance. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

&ast;      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

&ast;&ast;      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a continuance and review de novo due process claims. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We deny in part and dismiss in part the petition for review.

The IJ did not abuse her discretion in denying petitioners' request for a continuance where petitioners did not show that they were eligible for any relief other than voluntary departure and did not demonstrate good cause for a continuance. *See* 8 C.F.R. § 1003.29 (an immigration judge may grant a motion to continue for good cause shown); *see also Sandoval-Luna*, 526 F.3d at 1247 (IJ's denial of an additional continuance was within discretion where relief was not immediately available to petitioner). It follows that their due process challenge to the IJ's denial fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [a petitioner] must show error and substantial prejudice.").

We lack jurisdiction to consider petitioners' contention that the IJ violated their right to due process by failing to further question them regarding their eligibility for asylum because they failed to exhaust this contention before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

09-74006